**WO**  SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arthur Gallegos, | No. CV 10-0867-PHX-MHM (MHB) |
| Petitioner, | **ORDER** |
| vs. | |
| State of Arizona, et al., | |
| Respondents. | |

On April 19, 2010, Petitioner Arthur Gallegos filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.[1]  Petitioner has paid the $5.00 filing fee. (Doc.# 1.)  The Court will dismiss the Petition with leave to amend to name the proper respondent and set forth facts to support that he was "in custody" with respect to the conviction for which he seeks federal habeas relief when he commenced this action.

**I.  Background**

On April 21, 1989, Petitioner entered a nolo contendere plea to three counts of vehicular manslaughter in Maricopa County Superior Court, case# CR88-05617, and was sentenced to 10 years in prison followed by 5 years on probation.  According to records available on-line, Petitioner's term of probation was terminated in 2001.[2]

---

[1] Petitioner's return address on his Petition appears to be a residential home.

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/012001/m0260071.pdf.

## II. The "In Custody" Requirement of § 2254

Federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted "the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," although he need not be physically confined to challenge a sentence on habeas corpus. Maleng v. Cook, 490 U.S. 488, 491 (1989) (an expired conviction can never satisfy the "in custody" requirement, even if it is used to enhance a subsequent sentence); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation under the conviction or sentence at the time he filed his habeas petition); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 (9th Cir. 2005). When a petitioner is on probation or parole, the proper respondents are his probation or parole officer and the official in charge of the probation or parole agency or state correctional agency. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Petitioner seeks habeas relief as to his 1989 conviction for vehicular manslaughter. Petitioner fails to allege facts to support that he is, or was when he filed this action, "in custody" with respect to the conviction for which he seeks habeas relief. The Court will therefore dismiss the Petition with leave to file a First Amended Petition in which Petitioner sets forth facts to support that he was "in custody" when he filed this case.

## III. Improper Respondent

A petitioner for habeas relief under § 2254 must name the state officer having custody of him under the state conviction being attacked as a respondent to a petition. Smith v. Idaho, 392 F.3d 350, 354 (9th Cir. 2004) (citing Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994)). Petitioner names the State of Arizona as a Respondent. While Petitioner was convicted in the State of Arizona, the State of Arizona is not the *person* having custody of him. Indeed, as discussed above, Petitioner fails to set forth facts to support that he is still "in custody" under the Maricopa County conviction. If Petitioner

1 establishes that he was "in custody" under the Maricopa County conviction at the time he
2 commenced this case, Petitioner must also name a proper respondent. The Court will dismiss
3 the Petition with leave to amend to name the Arizona state official who has, or had, custody
4 of Petitioner at the time he filed his Petition.

**IV. Warnings**

    **A. Address Changes**

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **B. Copies**

Petitioner must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Petitioner.

    **C. Possible Dismissal**

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) The Petition (doc.# 1) is **dismissed** for failure to allege facts to support that Petitioner was "in custody" under his Maricopa County conviction or sentence when he commenced this case and to name his custodian as a respondent. Petitioner has **30 days** from the date this Order is filed to file a first amended petition in compliance with this Order.

(2) If Petitioner fails to file an amended petition within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action.

(3) The Clerk of Court must mail Petitioner a court-approved form for filing a

JDDL

habeas petition by a *pro se* prisoner.

DATED this 3rd day of May, 2010.

Mary H. Murguia
United States District Judge