**WO**                                                                                          SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Arthur Gallegos,                        )   No. CV 10-0867-PHX-MHM (MHB)
                                        )
    Petitioner,                   )   **ORDER**
                                        )
vs.                                     )
                                        )
State of Arizona, et al.,               )
                                        )
    Respondents.                  )
                                        )

On April 19, 2010, Petitioner Arthur Gallegos filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and paid the filing fee.[1] (Doc.# 1.) In an Order filed May 6, 2010, the Court dismissed the Petition with leave to amend to name the proper respondent and to set forth facts to support that he was "in custody" with respect to the conviction for which he sought federal habeas relief. (Doc.# 3.) Petitioner has filed a First Amended Petition. (Doc.# 4.) Petitioner has also filed a motion for order to show cause. (Doc.# 5.) The Court will deny the motion and dismiss the First Amended Petition and this action for lack of jurisdiction.

---

[1] Petitioner has previously filed a federal habeas action concerning the conviction at issue in this case, which was dismissed for lack of jurisdiction. See Gallegos v. State of Ariz., No. 01-0686-PHX-MHM (MS) (D. Ariz. Nov. 21, 2001). Petitioner appealed that dismissal, but was denied a certificate of appealability. Id., doc.# 14. Petitioner's appeal was subsequently dismissed. Id., doc.# 15. On April 7, 2010, Petitioner filed another request for a certificate of appealability in this case, which was denied on April 14, 2010. Id., doc.# 18.

I.      **Background**

On April 21, 1989, Petitioner entered a nolo contendere plea to three counts of vehicular manslaughter in Maricopa County Superior Court, case# CR88-05617 and was sentenced to 10 years in prison followed by 5 years on probation. According to records available on-line, Petitioner's term of probation was terminated in 2001.[2] Petitioner states that his probation was extended on June 1, 2000 for an additional three years.

II.     **The "In Custody" Requirement of § 2254**

Federal habeas relief is available "only on the ground that [an inmate] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The United States Supreme Court has interpreted "the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," although he need not be physically confined to challenge a sentence on habeas corpus. Maleng v. Cook, 490 U.S. 488, 491 (1989) (an expired conviction can never satisfy the "in custody" requirement, even if it is used to enhance a subsequent sentence); Chaker v. Crogan, 428 F.3d 1215, 1219 (9th Cir. 2005) (petitioner was "in custody" while he remained subject to probation under the conviction or sentence at the time he filed his habeas petition); Fowler v. Sacramento County Sheriff's Dep't, 421 F.3d 1027, 1033 (9th Cir. 2005). When a petition is on probation or parole, the proper respondents are his probation or parole officer and the official in charge of the probation or parole agency or state correctional agency. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

Petitioner seeks habeas relief as to his 1989 conviction for vehicular manslaughter. In his First Amended Petition, Petitioner again fails to allege facts to support that he is, or was when he filed this action, "in custody" with respect to the conviction for which he seeks habeas relief. As discussed above, the Court lacks jurisdiction to grant habeas relief as to a conviction for which a petitioner is not, or was not at the time filed, in custody. In Ground

---

[2] See http://www.courtminutes.maricopa.gov/docs/Criminal/012001/m0260071.pdf.

1 Four of the First Amended Petition, Petitioner states that Probation Officer Patruno filed a
2 motion to extend Petitioner's sentence in CR88-05617 for an additional three years on June
3 23, 2006. (Doc.# 4 at 9.) Under supporting facts, Petitioner states that his probation was
4 extended for an additional three years on June 1, 2000. (Id.) Even if both allegations are
5 accurate, Petitioner fails to allege facts to support that he was "in custody" in connection with
6 CR88-05617 on April 19, 2010, when he filed this case.

Petitioner has failed to allege facts to support that he was "in custody" in connection with CR88-05617, when he commenced this case. The Court will therefore dismiss the First Amended Petition and this action for lack of jurisdiction. The Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**III.     Motion for Order to Show Cause**

As noted above, Petitioner has filed a motion for order to show cause. In his motion, Petitioner appears to seek an order from this Court to require the Respondents to show cause for failing to respond to a state petition for habeas corpus filed on August 9, 2000. Petitioner's motion will be denied. This case is being dismissed for lack of jurisdiction due to Petitioner's failure to establish that he is, or was when he filed this action, "in custody" with respect to the conviction or sentence being challenged. Respondents' alleged failure to resolve Petitioner's state habeas petition is not properly before this Court.

**IT IS ORDERED:**

(1)     The First Amended Petition (doc.# 4) and this action are **dismissed** for lack of jurisdiction.

(2)     Petitioner's motion for order to show cause is **denied**. (Doc.# 5.)

(3)     The Clerk of Court must enter judgment accordingly.

/ / /

1     (4)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

DATED this 9th day of June, 2010.

_____
Mary H. Murgula
United States District Judge