**WO**                                                                                                               SC

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Arthur Gallegos, | ) | No. CV 10-0867-PHX-MHM (MHB) |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona, et al., | ) | |
| Respondents. | ) | |

Petitioner commenced this action seeking habeas relief with respect to his 1989 manslaughter conviction. (Doc. 1.) On May 6, 2010, the Court dismissed the Petition with leave to file an amended petition in which he alleged facts to support that he was still "in custody" as to that conviction. (Doc. 3.) On May 10, 2010, Petitioner filed a First Amended Petition. (Doc. 4.) On June 11, 2010, the Court dismissed Petitioner's First Amended Petition and this action for lack of jurisdiction based on the failure to allege facts to support that he was "in custody" with respect to his 1989 conviction when he commenced this case. (Doc. 6.) The Court declined to issue a certificate of appealability.[1]  (Id.) Petitioner

---

[1] The Court also dismissed the Petition so that Petitioner could name a proper respondent. (Doc. 3.) Petitioner previously filed a federal habeas action concerning the conviction at issue in this case, which was dismissed for lack of jurisdiction. See Gallegos v. State of Ariz., No. 01-0686-PHX-MHM (MS) (D. Ariz. Nov. 21, 2001). Petitioner appealed that dismissal, but was denied a certificate of appealability and that appeal was subsequently dismissed. Id., doc. 14, 15.

1 appealed the dismissal. (Doc. 8, 11.) On August 9, 2010, the Ninth Circuit denied Petitioner's application for authorization to file a second or successive habeas corpus petition concerning his 1989 manslaughter conviction, case no. 10-71432. (Doc. 15.) On November 19, 2010, the Ninth Circuit refused to issue a certificate of appealability in this case, case no. 10-16367. (Doc. 20.)

On October 29, 2010, Petitioner filed a motion for relief from judgment in this case, which was entered on June 11, 2010, and the denial of certification to file a second or successive habeas petition. (Doc. 19.) As discussed above, the Court dismissed this action for lack of jurisdiction where Petitioner failed to establish that he was "in custody" when he filed this case. In his motion for relief from judgment, Petitioner argues that he was "in custody" pursuant to his 1989 conviction when he commenced this case because his civil rights had not been restored. This contention fails.

"[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng v. Cook, 490 U.S. 488, 491 (1989); accord Williamson v. Gregoire, 151 F.3d 1180, 1182 (9th Cir. 1998). Collateral consequences include the inability to vote, engage in certain businesses, hold public office, serve as juror, or based on the mere possibility that a prior conviction will be used to enhance a sentence for a subsequent crime. Id. at 491, 492. In short, "the boundary that limits the 'in custody' requirement is the line between a 'restraint on liberty' and a 'collateral consequence of a conviction.'" Williamson, 151 F.3d at 1182. A civil disability only constitutes a "restraint on liberty" where it somehow limits the petitioner's movement. Id. Neither the imposition of a fine, restitution, revocation of a driver's or professional license, nor registration as a sexual offender restrain a petitioner's movement so as to render a petitioner "in custody" for habeas purposes. Id. (citing cases).

The civil disabilities deriving from Petitioner's conviction are collateral consequences that do not render Petitioner "in custody." Because Petitioner fails to establish that he was

- 2 -

1  "in custody" with respect to his 1989 conviction when he commenced this case, he is not
2  entitled to relief from judgment in this case.  Further, to the extent that Petitioner attempts
3  to bring habeas claims in his Rule 60(b) motion, his motion will be denied as an
4  impermissible second or successive petition.  For both reasons, Petitioner's Rule 60(b)
5  motion will be denied.

6  **IT IS ORDERED** that Petitioner's motion for relief from judgment pursuant to Rule
7  60(b) of the Federal Rules of Civil Procedure is **denied**.  (Doc. 19.)

8  DATED this 4th day of February, 2011.

_____
Mary H. Murgula
United States District Judge